FILED ENTERED
LOGGED RECEIVED

AUG 15 2013

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY

DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMRIK SINGH MELHI )
Petitioner, )
)
v. ) Crim No. PJM 10-0637
) Civ. No. PJM 12-3158
THE UNITED STATES OF AMERICA )
Respondent. )
)
)

## MEMORANDUM OPINION

Petitioner Amrik Melhi moves *pro se* under 28 U.S.C. § 2255 to vacate his sentence. In addition to his initial Motion to Vacate [Dkt. 283], he has also filed a Motion for Leave to Amend [Dkt. 287], two supplemental filings, and a Motion for Extension of Time to File Reply [Dkt. 298]. The Government opposes Melhi's Motion to Vacate, Motion for Leave to Amend, and all supplemental filings, and takes no position on his request for an extension.

For the reasons that follow, the Court **GRANTS** Melhi's Motion for Extension of Time to File Reply *nunc pro tunc*, **DENIES** his Motion to Amend, and **DENIES** his Motion to Vacate.

I.

In 2011 Melhi pled guilty to one count of Hobbs Act conspiracy under 18 U.S.C. § 1951. He was sentenced to 46 months imprisonment. He did not appeal his conviction, and it became final on February 22, 2012.

Melhi filed his initial Motion to Vacate pursuant to 28 U.S.C. § 2255 on October 28, 2012. The Government filed a Response, asserting that Melhi's petition lacked merit. Melhi subsequently filed several additional documents, including his Motion to Amend and two supplemental filings. The Government asserts that all subsequent filings are time-barred and also without merit.

II.

A Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 "challeng[es] the validity of [a federal prisoner's] judgment and sentence." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Because Melhi is proceeding with this collateral challenge *pro se*, his §2255 motion is "not required to meet the same stringent standards" as attorney-filed pleadings. *Estate of Jones v. NMS Health Care of Hyattsville, LLC*, 903 F. Supp. 2d 323, 328 (D. Md. 2012).

Successive § 2255 petitions are only authorized if a panel of appellate judges finds:

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

III.

A.

In his initial Motion to Vacate, Melhi's principal arguments seem to be that: (1) the Government did not provide an indictment "supported by oath or affirmation" as required by the Fourth Amendment to the United States Constitution; and (2) the Government also violated his right to an indictment "supported by oath or affirmation" as required by Section 12 of the Florida Constitution.

The record, which contains an indictment at Dkt. 1, flatly contradicts Melhi's claims. This argument is entirely without merit, and his petition is rejected.

B.

Melhi's subsequent Motion to Amend alleges that his attorney provided ineffective assistance of counsel. In addition, Melhi's two supplemental filings argue that the Government improperly calculated

the amount of alcohol taxes that he failed to pay and that his arraignment was held before a magistrate judge and is therefore invalid.

Successive § 2255 petitions in this district must be certified by the Fourth Circuit. Here, there is no such certification, so the Court need not address the merits of Melhi's claims.[1] Melhi's successive petition is procedurally barred and will be denied.

IV.

For the foregoing reasons, Melhi's Motion for Leave to Amend is **DENIED,** Melhi's Motion to Vacate under 28 U.S.C. § 2255 is **DENIED,** and any relief requested in his supplemental filings is **DENIED.**

The Court concludes that there is no basis to grant a certificate of appealability.

A separate Order shall **ISSUE.**

August 14, 2013

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[1] Even so, the Court notes that Melhi's successive petition and filings do not appear to point to newly discovered evidence that would prevent any reasonable factfinder from finding him guilty. Nor does Melhi appear to argue that any new rule of constitutional law should apply retroactively to his case.